UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JOHNSON,

    Plaintiff,                    No. 16-12991

v.                               District Judge George Caram Steeh
                                Magistrate Judge R. Steven Whalen

TERRI FIGHTER, ET AL.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

On August 16, 2016, Plaintiff Anthony Johnson, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983. Before the Court is Defendants' Motion for Summary Judgment on the Basis of Exhaustion [Doc. #16], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that the complaint be DISMISSED WITHOUT PREJUDICE.

**I.    FACTS**

Plaintiff claims a violation of his Eighth Amendment rights, stemming from gang-related assaults that he suffered at the St. Louis Correctional Facility. He alleges that Defendants Terri Fighter, Laura Bowers, David MacDonald, and Mike Desco, MDOC employees, failed to protect him from the assaults.

In their motion, Defendants argue that the complaint should be dismissed because Plaintiff did not exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). Attached to their motion as Exhibit 2 is an MDOC Prisoner Step III

Grievance Report showing that from May 2009 to the present, Plaintiff did not file any Step III grievances. Included with Exhibit 2 is the affidavit of Tonia McLeod, an MDOC Student Assistant, certifying that the Report is "a true and accurate copy of the report generated for Anthony Johnson #776732 from the Michigan Department of Corrections database that tracks all prisoner/parolee grievances filed at Step III." Ms. McLeod further certified "that since May of 2009, Anthony Johnson #776732 has not filed any grievance through Step III."

In his response [Doc. #18], Plaintiff states that on October 28, 2015, he "attempted to file [a] step III grievance," referring to Step I and Step II grievances attached to his complaint. In correspondence to the Warden, the MDOC Director, and the MDOC Ombudsman (all attached to the complaint), Plaintiff complains that he was unable to file his grievances in a timely fashion, and that he was stymied in his attempt to obtain a Step II grievance appeal form. However, he did file a Step II appeal of Grievance No. STF-15-07-0582-28e, and he attached the Step II grievance response to his complaint. This response, dated October 5, 2015, states that "the grievant's allegations are unclear and untimely," and concludes, "Lack of timeliness or any evidence of a policy or procedure violation , grievant's Step II appeal is denied." In his reply, Plaintiff appears to suggest that in an attempt to exhaust, he sent a Step III appeal form to the Ombudsman. In conclusion, Plaintiff states, "The evidence shows that Johnson made several attempts to rectify the situation prior to this civil suit but again 'one can not be compelled to do the impossible.'" *Response* [Doc. #18], p. 2, Pg. ID 86.

## II. STANDARD OF REVIEW RE: EXHAUSTION

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under §

1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90.

A dismissal for failure to exhaust is without prejudice. *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011).

### III.   DISCUSSION

Defendant seeks dismissal on the theory that Plaintiff failed to properly exhaust his administrative remedies before filing suit.

MDOC Policy Directive (PD) 03.02.130 provides prison inmates a detailed procedure for bringing forward complaints.[1] This grievance procedure consists of four acts an inmate must undertake before seeking judicial review, each with specific time limits. First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved. If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days. The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant. If the inmate is not satisfied with the response, he must request a Step II appeal form and file it within ten days after

---

[1] PD 03.02.130 is reproduced in Exhibit 1 to Defendants' Motion.

receiving the Step I response.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III. The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan. The Step III response concludes the standard administrative process.

A Michigan prisoner must appeal a grievance through Step III of the procedure. The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier v. Laurel County, KY.*, 636 F.3d 218, 224 (6th Cir. 2011).

Once a defendant carries the burden of showing that there was a generally available administrative remedy, and that the prisoner did not exhaust that remedy, "the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014), citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)("[T]he burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile."). *See also Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011)("Once a defendant proves that a plaintiff failed to exhaust, however, the onus falls on the plaintiff to show that remedies were unavailable to him.....").

Here, the Defendants have met their burden of showing non-exhaustion through their Exhibit 2, which shows that Plaintiff has not filed any grievance through Step III during the relevant time period. On the other hand, Plaintiff has not presented any convincing evidence that the MDOC's grievance procedure was made unavailable to him.

Although he claims that he did not have access to a Step II appeal form, his own exhibits, attached to his complaint, show that he in fact appealed his grievance to Step II and received a Step II denial on October 5, 2015. And while he discusses the difficulty he had in timely filing his Step I and Step II grievances by virtue of being in administrative segregation, the Defendants' motion is based on his failure to complete the administrative process by filing a Step III appeal, not on untimeliness. Significantly, Plaintiff does not allege or otherwise show that he took the next step of pursuing a Step III appeal to the MDOC Director or his designee in Lansing, as required under the Policy Directive. Rather, he states that he "*attempt[ed]* to file a Step III grievance." *Reply*, p. 2, Pg. ID 86 (emphasis added). Plaintiff states that when the Ombudsman replied to his letter, stating that the Step I grievance was untimely, he "took his next step and filed a formal civil suit." *Id*.

An "attempt" is insufficient. *Woodford v. Ngo, supra*, makes it clear that "proper exhaustion" requires a prisoner to fully comply with the institution's grievance policy. There is no evidence that the MDOC's grievance procedure was unavailable to the Plaintiff, or that he was unfairly stymied in his ability to pursue that procedure. The evidence *is* clear that Plaintiff did not complete the MDOC's grievance procedure through Step III before filing his complaint. Under 42 U.S.C. § 1997e(a), his complaint should therefore be dismissed without prejudice.

## IV.   CONCLUSION

I recommend that Defendants' Motion for Summary Judgment on the Basis of Exhaustion [Doc. #16] be GRANTED and that the complaint be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 3, 2017

s/R. Steven Whalen
R. STEVEN WHALEN
U.S. MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

     I hereby certify on August 3, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants August 3, 2017.

                                                s/Carolyn M. Ciesla
                                                Case Manager for the
                                                Honorable R. Steven Whalen